DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the May 1, 2002 judgment of the Huron Municipal Court, Small Claims Division, which awarded appellees, Bill and Julie Johnson, $3,000 for alleged incomplete home construction work. From this judgment, appellants, Thom Builders and Scott Thom, raise the following assignments of error.
 {¶ 2} "I. The trial court erred in assuming jurisdiction of a matter involving an arbitration award since the court of common pleas has exclusive jurisdiction in reviewing such awards.
 {¶ 3} "II. The trial court erred in vacating, modifying, or correcting an arbitration award in the absence of a motion to vacate, modify or correct the award."
 {¶ 4} A brief summary of the facts is as follows. On or about February 24, 1999, appellants and appellees entered into a home construction contract. Problems arose during construction and, as provided in the contract, appellants demanded arbitration.[1]
 {¶ 5} On February 29 2000, the arbitrator issued an award granting appellants the sum of $44,171.12. Appellees were awarded $5,118.75 on their counterclaim. The administrative fees and expenses were charged to appellees. The award stated: "This Award in [sic] full settlement of all claims and counterclaims submitted to this arbitration."
 {¶ 6} On March 29, 2002, appellees filed a small claims complaint in Huron Municipal Court. Appellees claimed monetary relief for items which were contracted for but not completed. A hearing was held on the complaint on April 30, 2002, and the court filed its judgment in May 1, 2002. In awarding appellees the jurisdictional monetary limit of $3,000, the court found, inter alia, that the "Arbitrator's AWARD dated February 29, 2000 fail[ed] to give a defined breakdown of the claims or counterclaims submitted to arbitration." It is from this judgment that appellants now appeal.
 {¶ 7} In their first assignment of error, appellants contend that the municipal court did not have jurisdiction to review the arbitrator's award since Ohio courts of common pleas have exclusive jurisdiction as to such awards. In support, appellants rely on the provisions set forth in R.C. Chapter 2711, the Ohio Arbitration Act.
 {¶ 8} R.C. 2711.01 et seq. provide a party to an arbitration agreement with a judicial mechanism to enforce such an agreement or to confirm, modify or vacate an award following arbitration. See R.C. 2711.09; R.C. 2711.10; R.C. 2711.11; R.C. 2711.13. Each of these provisions specifies that the relief requested be sought in the court of common pleas.
 {¶ 9} Construing the language used in the above-cited statutes, it is well-settled that words used in a statute are to be given their plain and ordinary meaning unless otherwise indicated. Ohio Assn. of Pub.School Emp. v. Twin Valley Local School Dist. Bd. of Edn. (1983),6 Ohio St.3d 178, 181. Further, R.C. 1.42 provides that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage."
 {¶ 10} In the present case, the legislature clearly and unambiguously vested jurisdiction to review arbitration awards in the courts of common pleas. Accordingly, we find that the Huron Municipal Court lacked jurisdiction to review the arbitrator's award.[2]
Appellants' first assignment of error is well-taken.
 {¶ 11} Based on our disposition of appellants' first assignment of error, we find appellants' second assignment of error moot.
 {¶ 12} On consideration whereof, we find that substantial justice was not done the party complaining, and the judgment of the Huron Municipal Court, Small Claims Division, is void and is vacated. Costs of this appeal are assessed to appellees.
 JUDGMENT VACATED. Richard W. Knepper, J., Mark L. Pietrykowski, J., and George M.Glasser, J., concur.
Judge Georege M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] The contract's arbitration provision provides, in part:
"All claims or disputes between the Contractor and the Owner arising out of, or relating to, the Contract Documents or any breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then prevailing unless the parties mutually agree otherwise. Notice of the demand for arbitration shall be filed in writing with the other party to the Owner-Contractor Agreement and with the American Arbitration Association and shall be made within a reasonable time after the dispute has arisen. The decision of the arbitrators shall be final and binding, and judgement may be entered upon it in accordance with applicable law in any court having jurisdiction thereof. * * *."
[2] We note that even assuming, arguendo, that the municipal court was the proper tribunal to bring the appeal, appellees' appeal was untimely. Pursuant to R.C. 2711.09, appellees had one year from the award to apply to the court for an order confirming the award or three months after the award to seek an order vacating, modifying or correcting the award, R.C.2711.13.